# EXHIBIT C

Ronald Mazzaferro<br>
P. O. Box 147<br>
El Verano, CA 95433<br>
(916) 602 7418

May 18, 2023

United States Certified Mail Return Receipt # 7022 0410 0000 6315 5291

Anthony Russo<br>
Revenue Officer<br>
Employer ID #: 1001240702<br>
Internal Revenue Service<br>
4830 Business Center Drive, Suite 250<br>
Fairfield, CA 94534<br>
Phone: (510) 907 5390

Re:   Response to Form 6638 and to Form 6637 Lacking OMB Numbers

Mr. Russo;

The Form 6638, **Exhibit A** attached hereto (all further Exhibit references are attached to this letter) and the Form 6637, **Exhibit B,** you delivered on May 18, 2023 to my home at 19235 Robinson Road, Sonoma California 95476, are unenforceable because each lack the mandatory Office of Management and Budget (OMB) control numbers required by Title 44 United States Code §3512. Public protection et. seq., which Title 44 United States Code §3502 Definitions defines the term "Director" as "(4) the term "Director" means the Director of the Office of Management and Budget", which is consistent with The Paperwork Reduction Act, Title 44 United States Code. 3501-3520, in particular §3512, and implementing regulation of Internal Revenue Manual 32.1.5.4.7.4.4(1)g. (11-18-2918), **Exhibit C** printed from the IRS website on May 18, 2023, and the CCDM 32.1.2.5, **Exhibit D,** also printed from the IRS website on May 18, 2023, all of which state in relevant part, ***and collectively demonstrate*** that the Form 6638, **Exhibit A,** and Form 6637, **Exhibit B,** which do not comply with the requirements of the foregoing cited Title 44 United States Code §3512 Public protection et. seq., Title 44 United States Code §3502, Title 44 United States Code §3512, implementing regulation of Internal Revenue Manual 32.1.5.4.7.4.4(1)g. (11-18-2918) and the CCDM 32.1.2.5, the Form 6638, **Exhibit A**, and the Form 6637, **Exhibit B,** are unenforceable as a matter of following law and regulations, to wit;

> **Title 44 United States Code §3502**
> **§3502. Definitions**
> As used in this subchapter-
> (4) the term "Director" means the Director of the Office of Management and Budget;

> **Title 44 United States Code §3512**
> **§3512. Public protection**
> (a) Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter if-
>   (1) the collection of information does not display a valid control number assigned by

1

the Director in accordance with this subchapter; or
    (2) the agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.
(b) The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto.

**Internal Revenue Manual 32.1.5.4.7.4.4**
**32.1.5.4.7.4.4 (11-18-2019)**
**Paperwork Reduction Act**
(1) As discussed in CCDM 32.1.2.5, Applicability of Paperwork Reduction Act, regulations containing a collection of information requirement are subject to the Paperwork Reduction Act (PRA) (44 U.S.C. 3501-3520). Regulations not containing a collection of information requirement are not subject to the PRA, and thus, are not required to have a Paperwork Reduction Act heading. For regulations subject to the PRA, the regulations must include text for the Paperwork Reduction Act heading that;
 a. Notifies the public that the agency submitted the collection of information requirement to OMB;
b. Provides the OMB address where taxpayers should send comments on the collection of information requirement and the IRS address where taxpayers may submit copies of the comments;
c. Identifies specific collection of information matters on which the agency would like taxpayers to submit comments;
d. Provides a description of and need for the collection of information requirement;
e. Identifies likely respondents;
f. Provides a burden estimate;
g. Notifies taxpayers that the collection of information requirement is not enforceable unless it displays an OMB control number (see CCDM 32.1.2.5, Applicability of Paperwork Reduction Act); and……..

**CCDM 32.1.2.5**
**Application of Paperwork Reduction Act**
(1) The Paperwork Reduction Act (44 U.S.C. 3501-3520) requires that, before any information collection request in a regulation may be enforced, the agency must:
a. Request and obtain OMB approval for the information collection request,
b. Explain in the information collection request how the information is to be used,
c. State in the information collection request whether responses to the request are voluntary, required to obtain a benefit, or mandatory, and
d. Display the OMB assigned control number on the information collection request.

   Thank you for your anticipated cooperation.

        _____
        Ronald Mazzaferro

# Exhibit A

# Summons
# Income Tax Return

**In the matter of** RONALD MAZZAFERRI, PO BOX 636, EL VERANO, CA 95433-0536
**Internal Revenue Service** *(Identify Division)* SMALL BUSINESS/SELF EMPLOYED
**Industry/Area** *(Identify by number or name)* Small Business / Self Employed
**Periods:** Form 1040 for the calendar periods ending December 31, 2016, December 31, 2017 and December 31, 2018

### The Commissioner of Internal Revenue

**To:** RONALD MAZZAFERRI AKA RONALD MAZZAFERRO
**At:** 19235 ROBINSON ROAD, SONOMA, CA 95476

You are hereby summoned and required to appear before, an Internal Revenue Service ANTHONY RUSSO*(IRS)* officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control about income you received for the years
2016, 2017, 2018, 2019, 2020 and 2021

These records and documents include, but are not limited to: Forms W-2 *(Wage and Tax Statement)*, Forms 1099 for interest and dividend income, employee earnings statements, and records of deposit with banks or other financial institutions.

Also include all other books, records, documents and receipts for income from, but not limited to, the following sources: wages, salaries, tips, fees, commissions, interest, rents, royalties, alimony, state or local tax refunds, annuities, life insurance policies, endowment contracts, pensions, estates, trusts, discharge of indebtedness, distributive shares of partnership income, business income, gains from dealings in property, and any other compensation for services *(including receipt of property other than money)*. Include all documents and records about any income you assigned to any other Person or entity.

IRS will use this information to prepare a federal income tax return for the following year(s) when you didn't file a return
2016, 2017, 2018, 2019, 2020 and 2021

We have attached a blank return to guide you in producing the necessary documents and records.

**Do not write in this space**

### Attestation
I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original

| Signature of IRS officer serving the summons | Title |
|---|---|
| *[signature]* | , REVENUE OFFICER 1001240702 |

Business address and telephone number of IRS officer before whom you are to appear:
4830 BUSINESS CENTER DRIVE, SUITE 250, FAIRFIELD CA 94534 (707) 646-7270

**Place and time for appearance:** At 4830 BUSINESS CENTER DRIVE, SUITE 250, FAIRFIELD, CA 94534

on the 14th day of June, 2023 at 8:00 o'clock am.

**Issued under authority of the Internal Revenue Code this** 17th **day of** May , 2023

| Signature of issuing officer | Title |
|---|---|
| **ANTHONY RUSSO** *[signature]* | REVENUE OFFICER |
| Signature of approving officer *(if applicable)* | Title |

Form **6638** (Rev. 6-2020)     Catalog Number 61828W     publish.no.irs.gov     Department of the Treasury – Internal Revenue Service
Part A – to be given to person summoned

# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc.—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—
  (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
  (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
  (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense.—The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.
  (1) General notice - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer unless such contact occurs during a period (not greater than 1 year) which is specified in a notice which—
    (A) informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period, and
    (B) except as otherwise provided by the Secretary, is provided to the taxpayer not later than 45 days before the beginning of such period.

Nothing in the preceding sentence shall prevent the issuance of notices to the same taxpayer with respect to the same tax liability with periods specified therein that, in the aggregate, exceed 1 year. A notice shall not be issued under this paragraph unless there is an intent at the time such notice is issued to contact persons other than the taxpayer during the period specified in such notice. The preceding sentence shall not prevent the issuance of a notice if the requirement of such sentence is met on the basis of the assumption that the information sought to be obtained by such contact will not be obtained by other means before such contact.

(d) No administrative summons when there is Justice Department referral.
  (1) Limitation of authority.—No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
  (2) Justice Department referral in effect.—For purposes of this subsection—
    (A) In general.—A Justice Department referral is in effect with respect to any person if—
      (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or
      (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
    (B) Termination.—A Justice Department referral shall cease to be in effect with respect to a person when—
      (i) the Attorney General notifies the Secretary, in writing, that—
        (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
        (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
        (III) he will discontinue such a grand jury investigation,
      (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
      (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).
  (3) Taxable years, etc., treated separately.—For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income.—The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

(f) Limitation on access of persons other than Internal Revenue Service officers and employees. The Secretary shall not, under the authority of section 6103(n), provide any books, papers, records, or other data obtained pursuant to this section to any person authorized under section 6103(n), except when such person requires such information for the sole purpose of providing expert evaluation and assistance to the Internal Revenue Service. No person other than an officer or employee of the Internal Revenue Service or the Office of Chief Counsel may, on behalf of the Secretary, question a witness under oath whose testimony was obtained pursuant to this section.

Authority to examine books and witnesses is also provided under sec. 6420(e)(2)—Gasoline used on farms; sec. 6421(g)(2)—Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)—Fuels not used for taxable purposes.

This summons is exempt from the notice requirement of sec. 7609(a) by sec. 7609(c)(2)(D).

## Sec. 7603. Service of summons

(a) In general.—A summons issued under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third party recordkeepers.—
  (1) In general.—A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
  (2) Third party recordkeeper.—For purposes of paragraph (1), the term third-party recordkeeper means—
    (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A)),
    (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f)),
    (C) any person extending credit through the use of credit cards or similar devices;
    (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4)),
    (E) any attorney,
    (F) any accountant,
    (G) any barter exchange (as defined in section 6045(c)(3)),
    (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;
    (I) any enrolled agent; and
    (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.—Whenever any person summoned under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

## Sec. 7605. Time and place of examination

(a) Time and place.—The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general.—The Secretary shall by regulations establish the rates and conditions under which payment may be made of—
  (1) fees and mileage to persons who are summoned to appear before the Secretary, and
  (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.
(b) Exceptions.—No payment may be made under paragraph (2) of subsection (a) if—
  (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
  (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.
(c) Summons to which section applies.—This section applies with respect to any summons authorized under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda, or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603 and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

## Notice to Payment Information for Recipient of IRS Summons

If you are a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is limited to the total amount of personnel time spent locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies. Time for computer search may be paid.

Rates for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material may be paid at the allowed rates. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

### Instructions for requesting payment

After the summons is served, you should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.

Form **6638** (Rev. 6-2020)    Catalog Number 61828W    publish.no.irs.gov    Department of the Treasury – **Internal Revenue Service**
Part B – to be given to person summoned

# Exhibit B

# Summons
## Collection Information Statement

In the matter of __RONALD MAZZAFERRI, PO BOX 538, EL VERANO, CA 95433-0538__
Internal Revenue Service (Identify Division) __SMALL BUSINESS/SELF EMPLOYED__
Industry/Area (Identify by number or name) __Small Business / Self Employed__
Periods: __See Attachment 1 to Summons Form 6637 for Period Information__

The Commissioner of Internal Revenue
To: __RONALD MAZZAFERRI AKA RONALD MAZZAFERRO__
At: __19235 ROBINSON ROAD, SONOMA, CA 95476__

You are hereby summoned and required to appear before_, an Internal Revenue Service ANTHONY RUSSO(IRS) officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From __05/18/2021__ To __05/16/2023__

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, stored value cards, online and mobile accounts, virtual currency notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement. We have attached a blank statement to guide you in producing the necessary documents and records.

**Do not write in this space**

**Attestation**
I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original

| Signature of IRS officer serving the summons | Title |
|---|---|
| *[signature]* | REVENUE OFFICER, 1001240702 |

Business address and telephone number of IRS officer before whom you are to appear:
4830 BUSINESS CENTER DRIVE, SUITE 250, FAIRFIELD   CA  94534  (707) 646-7270

Place and time for appearance: At __4830 BUSINESS CENTER DRIVE, SUITE 250, FAIRFIELD, CA 94534__

on the __14th__ day of __June__, __2023__ at __8:00__ o'clock __am__.

Issued under authority of the Internal Revenue Code this __17th__ day of __May__, __2023__

| Signature of issuing officer | Title |
|---|---|
| ANTHONY RUSSO  *[signature]* | REVENUE OFFICER |
| Signature of approving officer (if applicable) | Title |

Form 6637 (Rev. 6-2020)    Catalog Number 25000Q    publish.no.irs.gov    Department of the Treasury – Internal Revenue Service
Part A – to be given to person summoned

## Provisions of the Internal Revenue Code

### Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc.--For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--
(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.
(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense.--The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.
(1) General notice - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer unless such contact occurs during a period (not greater than 1 year) which is specified in a notice which--
(A) informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period, and
(B) except as otherwise provided by the Secretary, is provided to the taxpayer not later than 45 days before the beginning of such period.

Nothing in the preceding sentence shall prevent the issuance of notices to the same taxpayer with respect to the same tax liability with periods specified therein that, in the aggregate, exceed 1 year. A notice shall not be issued under this paragraph unless there is an intent at the time such notice is issued to contact persons other than the taxpayer during the period specified in such notice. The preceding sentence shall not prevent the issuance of a notice if the requirement of such sentence is met on the basis of the assumption that the information sought to be obtained by such contact will not be obtained by other means before such contact.

(d) No administrative summons when there is Justice Department referral.
(1) Limitation of authority.--No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
(2) Justice Department referral in effect.--For purposes of this subsection--
(A) In general.--A Justice Department referral is in effect with respect to any person if--
(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or
(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
(B) Termination.--A Justice Department referral shall cease to be in effect with respect to a person when--
(i) the Attorney General notifies the Secretary, in writing, that--
(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
(III) he will discontinue such a grand jury investigation.
(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).
(3) Taxable years, etc., treated separately.--For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income.--The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

(f) Limitation on access of persons other than Internal Revenue Service officers and employees. The Secretary shall not, under the authority of section 6103(n), provide any books, papers, records, or other data obtained pursuant to this section to any person authorized under section 6103(n), except when such person requires such information for the sole purpose of providing expert evaluation and assistance to the Internal Revenue Service. No person other than an officer or employee of the Internal Revenue Service or the Office of Chief Counsel may, on behalf of the Secretary, question a witness under oath whose testimony was obtained pursuant to this section.

Authority to examine books and witnesses is also provided under sec. 6420(e)(2)--Gasoline used on farms; sec. 6421(g)(2)--Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)--Fuels not used for taxable purposes.

This summons is exempt from the notice requirement of sec. 7609(a) by sec. 7609(c)(2)(D).

### Sec. 7603. Service of summons

(a) In general.--A summons issued under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.
(b) Service by mail to third-party recordkeepers.--
(1) In general.--A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
(2) Third party recordkeeper.--For purposes of paragraph (1), the term third-party recordkeeper means--
(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));
(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));
(C) any person extending credit through the use of credit cards or similar devices;
(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));
(E) any attorney;
(F) any accountant;
(G) any barter exchange (as defined in section 6045(c)(3));
(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;
(I) any enrolled agent; and
(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

### Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. --If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.--Whenever any person summoned under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

### Sec. 7605. Time and place of examination

(a) Time and place.--The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

### Sec. 7610. Fees and costs for witnesses

(a) In general.--The Secretary shall by regulations establish the rates and conditions under which payment may be made of--
(1) fees and mileage to persons who are summoned to appear before the Secretary, and
(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.
(b) Exceptions.--No payment may be made under paragraph (2) of subsection (a) if-
(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.
(c) Summons to which section applies.--This section applies with respect to any summons authorized under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

### Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda, or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603 and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

# Notice to Payment Information for Recipient of IRS Summons

If you are a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is limited to the total amount of personnel time spent locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies. Time for computer search may be paid.

Rates for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material may be paid at the allowed rates. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

## Instructions for requesting payment

After the summons is served, you should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.

Form **6637** (Rev. 6-2020)   Catalog Number 25000Q   publish.no.irs.gov   Department of the Treasury – **Internal Revenue Service**
Part B – to be given to person summoned

## Attachment to Summons Form 1 6637

In the matter of _____ **RONALD MAZZAFERRI**

Period information: Form 1040 for the calendar periods ending December 31, 2002, December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009 and December 31, 2010

# Exhibit C

5/18/23, 4:00 PM

Case 3:23-cv-05665-LJC   Document 1-3   Filed 11/02/23   Page 14 of 18
32.1.5 Required Format for Regulations | Internal Revenue Service



- 32.1.5 Required Format for Regulations
  - 32.1.5.1 Overview of Format Required by the OFR
  - 32.1.5.2 Billing Code
  - 32.1.5.3 Headings
    - 32.1.5.3.1 Department Name
    - 32.1.5.3.2 Agency Name
    - 32.1.5.3.3 CFR Title and Part Number
    - 32.1.5.3.4 TD, ANPRM, and NPRM Identification Number
    - 32.1.5.3.5 RIN
    - 32.1.5.3.6 Subject

# Part 32. Published Guidance and Other Guidance to Taxpayers

# Chapter 1. Chief Counsel Regulation Handbook

# Section 5. Required Format for Regulations

## 32.1.5 Required Format for Regulations

**Manual Transmittal**

November 18, 2019

**Purpose**

(1) This transmits revised CCDM 32.1.5, Regulation Handbook, Required Format for Regulations.

**Background**

CCDM 32.1.5, Required Format for Regulations, is being revised to provide updated formatting and provide additional information regarding the Regulatory Flexibility Act.

**Material Changes**

(1) CCDM 32.1.5.4.5.1 is revised to remove the option to hand deliver public comments.

(2) CCDM 32.1.5.4.7 and 32.5.4.7.5.4 are revised to move the Paperwork Reduction Act analysis to the special analysis section in preambles.

(3) CCDM 32.1.5.4.7 is also revised to add a paragraph regarding headings in the Special Analysis section.

### 32.1.5.4.7.4.4 (11-18-2019)

### Paperwork Reduction Act

(1) As discussed in CCDM 32.1.2.5, Applicability of Paperwork Reduction Act, regulations containing a collection of information requirement are subject to the Paperwork Reduction Act (PRA) (44 U.S.C. 3501-3520). Regulations not containing a collection of information requirement are not subject to the PRA, and thus, are not required to have a Paperwork Reduction Act heading. For regulations subject to the PRA, the regulations must include text for the Paperwork Reduction Act heading that:

    a. Notifies the public that the agency submitted the collection of information requirement to OMB;
    b. Provides the OMB address where taxpayers should send comments on the collection of information requirement and the IRS address where taxpayers may submit copies of the comments;
    c. Identifies specific collection of information matters on which the agency would like taxpayers to submit comments;
    d. Provides a description of and need for the collection of information requirement;
    e. Identifies likely respondents;
    f. Provides a burden estimate;
    g. Notifies taxpayers that the collection of information requirement is not enforceable unless it displays an OMB control number (see CCDM 32.1.2.5, Applicability of Paperwork Reduction Act); and

Instructs taxpayers to retain material related to the collection of information as long as it may be necessary to administer the internal revenue laws.

### 32.1.5.4.7.4.5 (11-18-2019)

### Regulatory Flexibility Act

(1) Congress enacted the Regulatory Flexibility Act (5 U.S.C. 601) (RFA) in 1980 to reduce the regulatory burden on small entities. Section 603 of the RFA required agencies to prepare a regulatory flexibility analysis of proposed and final regulations (other than interpretive

# Exhibit D



| MANUAL TRANSMITTAL | IRS 00375 |
|---|---|
| | **32.1.2** |
| Department of the Treasury<br>Internal Revenue Service | **SEPTEMBER 23, 2011** |

### PURPOSE

(1) This transmits revised CCDM 32.1.2, Chief Counsel Regulation Handbook; Procedural Requirements for Regulation Projects

### BACKGROUND

(1) CCDM 32.1.2, Procedural Requirements for Regulations, is being revised by adding information regarding Executive Orders 12866 and 13175, removing references to the expedited published guidance program, and making other updates as necessary.

### MATERIAL OF CHANGES

(1) CCDM 32.1.2.3 was revised to add information about Executive Orders 13563 and 13175.

(2) CCDM 32.1.2.4(3) revises the criteria for determining whether an action is a significant regulatory action.

(3) CCDM 32.1.2.7 was added to provide information about Executive Order 13175.

(4) Exhibits 32.1.2-1 and 32.1.2-2 were updated. Exhibits 32.1.2-4 and 32.1.2-5 were made compliant with Section 508 of the Rehabilitation Act.

### EFFECT ON OTHER DOCUMENTS

CCDM 32.1.2, dated April 28, 2009, is superseded.

### AUDIENCE

Chief Counsel

### EFFECTIVE DATE

(09-23-2011)

                Deborah A. Butler
                Associate Chief Counsel
                (Procedure & Administration)

(4) The drafting attorney must prepare and submit the 7-point memo regarding the regulation as early in the drafting process as possible, but no later than two months before the planned publication date.

(5) If the IRS plans to issue a temporary regulation (TEMP) with a cross-referencing NPRM, the drafting attorney prepares only one 7-point memo. The drafting attorney should include the RINs (see CCDM 32.1.2.2.5) for both the TEMP and the cross referencing NPRM on the 7 point memo.

(6) The drafting attorney must prepare a new 7-point memo for a final regulation.

(7) The drafting attorney must email the 7-point memo to the &7 Point Memo inbox. The Senior Advisor to the General Counsel for Regulatory Affairs at Treasury is included on the &7 Point Memo distribution list and will submit the regulation to OMB when appropriate. If a regulation has not been published within a year of submission of the 7-point memo, a new 7-point memo should be submitted.

*Note:* CC:FM provides a report to the Deputy Chief Counsel (Technical) that tracks all 7-point memos.

(8) If a regulation must be published within 12 working days of when the 7-point memo was submitted or if the IRS plans to publish a regulation within two months of opening the project, the drafting attorney must notify the Senior Advisor to the General Counsel for Regulatory Affairs. See Exhibit 32.1.2-3, Sample 7-Point Memo.

**32.1.2.5**
**(08-11-2004)**
**Applicability of Paperwork Reduction Act**

(1) The Paperwork Reduction Act (44 U.S.C. 3501-3520) requires that, before any information collection request in a regulation may be enforced, the agency must:

   a. Request and obtain OMB approval for the information collection request,
   b. Explain in the information collection request how the information is to be used,
   c. State in the information collection request whether responses to the request are voluntary, required to obtain a benefit, or mandatory, and
   d. Display the OMB assigned control number on the information collection request.

(2) In general, the term "collection of information" means a reporting, recordkeeping, or disclosure requirement that is imposed on ten or more persons. A collection of information in an IRS/Treasury regulation is presumed to be imposed on 10 or more persons. It does not matter whether the requirement is voluntary or mandatory, or if the requirement is imposed by statute.

(3) The term "reporting requirement" means a requirement that persons provide information to an entity of the Federal government. For example, a regulation that requires a separate statement to be attached to a tax return imposes a paperwork burden subject to the PRA. However, a regulation that requires a form to be filed does not impose a paperwork requirement subject to the PRA because the form, and not the regulation, is the "instrument of collection" that is subject to the PRA.

(4) The term "recordkeeping requirement" means that a person must maintain *specified* records, whether or not an entity of the federal government or any other person actually seeks access to the records or is provided those records.